## TRAIN'S ADMINISTRATOR v. CONWELL'S EXECUTORS.

Supreme Court. Sussex. November 6, 1793.

*Miller's Notebook, 46.* *

---

\* This case is also reported in *Bayard's Notebook, 4; Wilson's Red Book, 8; Read's Notebook, 7.*

*Peery, Hall* and *Wilson,* for defendants, insisted that this judgment and the *scire facias* thereupon must both fail. There is no such record produced as is stated in the *scire facias,* as it refers to a judgment against "George Conwell, Fisher Conwell and Elias Conwell, Executors of Elias Conwell, deceased." That which is exhibited is entered by the confession of George Conwell only, and, of course, can only operate against him, in its effects and legal construction. This principle is clearly established in books of authority, 1 Str. 20. The reason is self-evident and mentioned, in the case where there are several executors, they may respectively wish to avail themselves of different circumstances in their defense, they may plead different pleas, and the court will admit that which is best, and most to the advantage of the estate. If a judgment confessed by one was good against all executors, the others would be debarred from pleading they were no executors; and they would be subjected to a *devastavit* without an opportunity of making defense. This would also admit and encourage fraudulent and collusive conduct in executors in any case where one was a friend to the recovery of an unjust demand against his testator's estate. It is possible there is some other judgment which will agree with that set forth in the *scire facias,* and then they must be different judgments, Salk. 52.

*Bayard* and *Read,* for the plaintiff, contended that the law was not as stated by defendants' counsel; that the confession of judgment by a co-executor will bind all the executors so far as to affect the testator's property in their hands, but not so as to operate *de bonis propriis.* 2 Bac.Abr. 395; 1 Atk. 450; Love.Wills 25; 2 P.Wms. 145, 146. That in all events, this is a judgment which appears to be entered against the defendants, and such

a one as cannot be affected by the plea of *nul tiel record,* but must be reversed, if at all, another way.

BY THE COURT. The principles advanced and the authorities produced on the part of the defendant proceed on the ground of the irregularity of the judgment. But if the judgment be proved to be irregular, it can only be reversed by writ of error, and it still remains a good judgment until it be avoided in the legal mode. With respect to the other executors, we cannot say we would not relieve them if they came forward on the return of the execution, and proved injury and hardship in the case.

On the other issues, there was a verdict and judgment for the plaintiff.